ISHEE, J.,
for the Court:
¶ 1. Robert Lyles filed a contempt petition against Christal Carpenter for violating the agreed order detailing the custody arrangements for their minor child. The DeSoto County Chancery Court found Carpenter in contempt for her wilful failure to advise Lyles regarding the child’s extracurricular activities. Carpenter now appeals arguing the chancery court erred by finding her in contempt. Finding no error, we affirm.
*1032 PACTS
¶ 2. Carpenter and Lyles are the parents of a minor child, Emily Lyles, born on October 31, 2000. The parties were never married. On September 16, 2010, the parties entered into an agreed order detailing the custody arrangement for the minor child.
¶ 3. On August 22, 2011, Lyles filed a contempt petition in the chancery court against Carpenter. He alleged that she was in wilful violation of their agreed order. Lyles claimed that Carpenter (1) refused to follow the set visitation schedule of alternating weekends; (2) failed to advise him regarding Emily’s extracurricular activities; and (3) refused to comply with the permitted telephone conversations. Lyles also requested attorney’s fees.
¶ 4. A hearing was held on September 19, 2011. On November 2, 2011, the chancellor entered an order detailing the rulings he had made from the bench during the hearing. The chancery court ordered the parties to alternate weekends with the child and to determine the weekend schedule beginning on September 30, 2011. The chancery court further ordered that the noncustodial parent be permitted to call the child between 7:00 p.m. and 8:00 p.m. every night when Emily is in the custodial parent’s care. The chancery court did not find Carpenter in contempt for either of those issues. However, with regard to her failure to advise Lyles about Emily’s extracurricular activities, the chancery court found Carpenter in contempt and ordered her to pay $1,000 of Lyles’s attorney’s fees. Carpenter now appeals arguing the chancery court erred by finding her in contempt.
DISCUSSION
¶ 5. “The decision to hold a person or entity in criminal or civil contempt ... is a discretionary function of the [chancery] court.” Corporate Mgmt., Inc. v. Greene Cnty., 23 So.3d 454, 466 (¶ 32) (Miss.2009) (quoting In re Spencer, 985 So.2d 330, 337 (¶ 20) (Miss.2008)). “Regarding a determination of contempt, a [chancery] court[,] due to its temporal and physical proximity to the parties[,] ‘is infinitely more competent to decide the matter.’ ” Id. (quoting R.K. v. J.K., 946 So.2d 764, 777 (¶ 39) (Miss.2007)). When considering civil contempt, “the standard of review is the manifest-error rule.” Id. at (¶ 33) (citing In re Williamson, 838 So.2d 226, 237 (¶ 29) (Miss.2002)).
¶ 6. Carpenter argues the chancery court erred by finding her in wilful contempt for failing to notify Lyles regarding Emily’s extracurricular activities. The agreed order states: “[S]ehool and extracurricular activities of the minor child shall be communicated to the other parent when the receiving parent first receives notice of the event and any associate[d] preparation dates, including [the] date, time[,] and place so as to allow both parties to attend when possible.” She claims that the parent picking the child up from school had the responsibility of checking the child’s bookbag for notices and grades. According to Carpenter, notices were sent home in Emily’s bookbag on several of the days in which Lyles was the receiving parent. Thus, if he would have properly checked the child’s bookbag, he would have been advised of the extracurricular activities. Before the chancery court, Lyles asserted that he did not know he was supposed to check Emily’s bookbag after school; therefore, he did not receive any of the notices.
¶ 7. We find the chancery court did not manifestly err by finding Carpenter in contempt. In reaching its decision, the chancery court stated:
[ T]he reason it was wilful is because you assume that he should go through the backpack of your daughter ... and find *1033 that document out, find that information out by himself. That [is not] what the Order says. It says as soon as you find out about that, you need to notify him. You [cannot] assume he got it from somewhere.
Lyles only picked the child up from school every other Tuesday and every other Friday. Accordingly, Carpenter was the receiving parent far more often than Lyles. Furthermore, Lyles testified that he did not know he was supposed to check Emily’s bookbag for notices of extracurricular activities. Therefore, he never received notice of her activities. Carpenter clearly had notice of the events, as she took Emily to her extracurricular activities. She should have informed Lyles about the activities when she first received notice, per the agreed order. This issue is without merit.
¶ 8. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J.